IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA NELSON, personally and as assignee of claims belonging to the Shanandoah Trust, H. Telford personally and as assignee to the claims of Marti Lundahl,<br><br>Plaintiff,<br><br>vs.<br><br>MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY; JEFFREY A. DONNELL; GEORGE E. POWERS; LAW OFFICES OF SUNDAHL, POWERS, KAPP & MARTIN, D. CHRISTINSEN, U.S. POSTAL EMPLOYEES SUSAN AUKEMA AND PAMELLA GEE and DOES 1-10 Defendants,<br><br>Defendants. | Case No. 8:16–CV-368-JMG-FG3<br><br>DECLARATION OF GEORGE POWERS |

GEORGE POWERS, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury the following:

1. I am over the age of 18 and competent in all respects to make this Declaration. The facts contained herein are based upon my personal knowledge.

2. I am an attorney licensed to practice law in the State of Wyoming, the United States District Court for the District of Wyoming, and the United States Court of Appeals for the Tenth Circuit.

3. I am a partner with Sundahl Powers Kapp & Martin, LLC ("SPKM"). SPKM is a limited liability company, organized under the laws of the State of Wyoming.

1

4. SPKM's sole office is in Cheyenne, Wyoming.

5. Neither I nor any other attorney at SPKM resides in Nebraska.

6. I am not licensed to practice law in the State of Nebraska. No attorney at SPKM is currently licensed to practice law in the State of Nebraska.

7. Aside from being named as a party in the above-captioned matter, I do not have any involvement, as either a party or an attorney, in any case currently pending in a Nebraska state court or in the United States District Court for the District of Nebraska. No other attorney at SPKM is currently representing a party in a case pending in the State of Nebraska or in the United States District Court for the District of Nebraska.

8. I am currently representing Mountain West Farm Bureau Insurance Compnay ("MWFBI") in an action Holli Telford and Marti Telford filed against MWFBI in Albany County, Wyoming. In that lawsuit, Holli Telford and Marti Telford allege that MWFBI is liable to them for refusing to provide coverage for certain damages to a residence in Lincoln County, Wyoming. A copy of the Complaint in that lawsuit is affixed hereto as Attachment "A".

9. Almost all of the work that I have done for MWFBI over the years has been in connection with claims made in Wyoming and litigation in Wyoming. I cannot recall ever representing MWFBI on a Nebraska claim or in litigation in a Nebraska court.

10. The only dealings I have had with Holli Telford and Marti Telford have been in the lawsuit they filed in Albany County, Wyoming. I have never met, communicated, with or had any dealings with Lisa Nelson, the other

Plaintiff in the above-captioned action. I have never had any dealings with the alleged defendant, "D. Christinsen." My only dealings with the Honorable Jeffrey Donnell have been professional and related to the representation of third parties in lawsuits and civil actions pending before Judge Donnell in his capacity as a District Judge of the State of Wyoming.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 12th day of August, 2016.

_____
George Powers

4852-5367-6086, v. 2

MARTI TELFORD
312 MADISON AVE.
SINCLAIR, WY 82334
307-352-9577

## IN THE SECOND JUDICIAL DISTRICT
## COURT OF WYOMING, ALBANY COUNTY

| | |
|---|---|
| MARTI TELFORD ) | |
| HOLLI TELFORD | |
| Plaintiff ) | |
| | Civil No. |
| vs. ) | |
| | COMPLAINT |
| MOUNTAIN WEST FARM ) | |
| BUREAU MUTUAL | |
| INSURANCE COMPANY ) | |
| Defendants ) | |

      COMES NOW MARTI TELFORD aka MARTI LUNDAHL and HOLLI TELFORD file this complaint against Mountain West Farm Bureau Mutual Insurance Company, a resident doing it's principal business in this county, for Wyoming Fair Housing Act violations, Breach of an insurance contract, Breach of the implied covenant of good faith and fair dealing, and emotional distress damages.

### PREFACE TO THE COMPLAINT

      The State of Wyoming just passed the Wyoming Fair Housing Act into law on July 1, 2015. The Act had never been interpreted by a court of law. Also passed as part of the state act was a law that required that the state adopt federal decisions as applied to the federal Fair Housing Act in re WY statute 40-25-114: Duties and powers of enforcing authority.
      . . . substantive rules adopted by the enforcing authority shall impose obligations, rights and remedies that are the same as are provided in federal fair housing regulations.

**Prohibited conduct under the Fair Housing regulations includes "[r]efusing to provide**

**Attachment "A"**

municipal services or property or hazard insurance" to a dwelling and providing services differently to a disabled person protected under the act. 24 C.F.R. § **100.70(d)(4).** Since HUD adopted the foregoing regulation, courts have generally held that property and liability insurance are "services" connected to the sale or rental of a dwelling (under FHA § 3604(b)) and that **withholding such insurance makes the dwelling "unavailable"** (under FHA § 3604(a).) [1]

---

1. *E.g., N.A.A.C.P. v. American Family Mut. Ins. Co.*, 978 F.2d 287 (7th Cir. 1992) ("*NAACP*"); *Fuller v. Teachers Ins. Co.*, No. 5:06-CV-00438-F (E.D.N.C., Sept. 19, 2007); *National Fair Housing Alliance v. Prudential Ins. Co.*, 208 F.Supp.2d 46, 57 (D.D.C. 2002) ("*NFHA*"); *Strange v. Nationwide Mut. Ins. Co.*, 867 F.Supp. 1209 (E.D. Pa. 1994). See too **Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Cmtys. Project, Inc., 576 U.S. ___ (2015)** (Insurance companies that make a dwelling unavailable based on discriminatory purposes prohibited by the FHA can be held liable.); Jones v. Travelers Cas. Ins. Co. of Am., No. 13-CV-02390, 2013 WL 4511648 (N.D. Cal. Aug. 22, 2013) (insurer ended coverage for rental property upon discovering it housed Section 8 tenants, resulting in alleged disparate impact on the basis of race, sex, age, and familial status); Fuller v. Teachers Ins. Co., No. 06-cv-00438, 2007 WL 2746861 (E.D.N.C. Sept. 19, 2007) (denying motion to dismiss disparate impact claims based on insurer's cancellation of coverage for group home for people recovering from drug and alcohol addiction because of the unjustified adverse impact on individuals with mental and physical disabilities); Women's Law Project & Pennsylvania Coalition Against Domestic Violence, Insurance Discrimination Against Victims of Domestic Violence 4-7 (1998) (detailing property and casualty insurance policies that had disparate adverse impact on the basis of sex by precluding coverage for domestic violence victims); **Wai v. Allstate Insurance Co, 75 F. Supp. 2d 1 (D.D.C. 1999)** (two landlords who rented their homes to people with disabilities were denied standard landlord insurance and were directed to purchase costlier commercial insurance policies. The Court held that although insurance policies are not explicitly mentioned in the text of the FFHA, **denial of homeowners' insurance on the basis of disability violates §3604(f)(1),** which declares it unlawful to "otherwise make unavailable or deny, a dwelling to any buyer or renter because of handicap." **The court held that denial of insurance coverage would make a dwelling unavailable to the persons with disability and the insurer had to make a reasonable accommodation .)** ; NAACP v. American Family Ins. CO., 978 F.2d 287 (1992)(making insurance unavailable to dwellings for a discriminatory purpose violates the FHAA); City of Edmonds, WA v. Oxford House, Inc. et. al. 514 U.S. 725 (1995)(Requiring owner to install sprinkling system in home housing alcoholics and drug addicts violated FHAA.); Nat'l. Fair Hous. Alliance v. Travelers Prop. Cas. Corp., No. 00-1506 (JR), at 1-2 (D.D.C. Jan. 9, 2001) (denying defendant's motion for reconsideration from denial of motion to dismiss in FHA race discrimination case against insurer); Lindsey v. Allstate Ins. Co., 34 F.

Furthermore, procuring a protected person to leave a dwelling through forms of harassment, etc. (such as not paying an insurance claim to repair the building), states a retaliation claim under the Act.

This complaint alleges that the defendant not only violated the terms of the insurance contract thus causing plaintiff's significant damages, but the Defendant also terminated the insurance contract in retaliation to the disabled Plaintiff's claims making activities. [2]

## GENERAL FACTS

1. Plaintiff Marti Telford is declared as disabled by the SSA bearing a diagnosis of invasive carcinoma stage III-B with secondary brain aneurysms. Plaintiff Holli Telford is

---

Supp. 2d 636, 641-43 (W.D. Tenn. 1999) (finding that the FHA **prohibits discriminatory refusal to renew property insurance**); Toledo Fair Housing Center. v. Nationwide Insurance 704 N.E.2d 667 (Ohio C.P. 1997)(alleging systematic racial discrimination in the issuance of insurance.);

2. Wyo. Stat. 40-25-107 provides in relevant part:
   (a) A person may not make unavailable or deny, a dwelling to any buyer because of a disability (ii) . . . **after it is sold, rented, or made available**;
   (b) A person may not discriminate against an individual in the terms, of **the services available in connection with a dwelling because of the disability of a person**;
   (c) In this section, discrimination includes:
   (ii) A refusal to make a reasonable accommodation in rules, policies, practices or services **if the accommodation may be necessary to afford the individual equal opportunity to use and enjoy a dwelling;**
   Wyo. Stat. 40-25-108 provides in relevant part: A refusal to provide . . . other financial assistance to purchase, construct, improve, **repair, or maintain a dwelling,** . . .as related to a disabled person violates the act.
   Wyo. Stat. 40-25-140 : If the court finds that a discriminatory housing practice has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, reasonable attorney's fees, court costs, and subject to W.S. 40-25-142, a permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in the practice or ordering appropriate affirmative action.
   Wyo. Stat. 40-25-144. Intimidation or interference; penalty. (a) A person commits an offense if the person, without regard to whether the person is acting under color of law, by force or threat of force, intentionally intimidates or interferes with an individual's. . . enjoyment of their dwelling on unlawful graounds.

Also declared disabled through the SSA with a diagnosis of Diastolic Congestive Heart Failure. Persons declared disabled under the SSA are protected persons under the Fair Housing Act. Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 797 (1999). The defendant was made aware of these diagnoses when Plaintiffs sought homeowners insurance from the Defendant assigned policy no. 4HO82766.

   2. Sometime at the end of November of 2013 during the Thanksgiving holidays, a substantial snowstorm hit plaintiff's Star Valley Ranch dwelling nearly burying Plaintiff's truck in the driveway, and dropping enough snow to reach the height of Plaintiff second Story balcony on Plaintiff's cabin home. The heat from the inside of plaintiff's dwelling pierced through the roof top converting the 4-5 foot snow drifts on the roof into ice sheets adhering to the rooftop. See picture taken during a brief termination of the snow storm as exhibit "1" attached hereto to give plaintiff's insurance claim some scale. The snow continued to drop and convert to ice, until days later due to the tremendous weight of the snow and ice, the house separated from the front balcony and the cabin portion of the home supported by wooden columns (stilts) on the basement floor, sunk down approximately 1 foot due to the collapse of several wooden columns and shifted forward. The only impediment keeping the home from crashing forward onto the inclined ground was that the front east side of the home was built around a 3 story concrete and cinder block fireplace block comprising 1/3 the width of the basement level, and which prevented the home from projecting forward down the hill. When the home dropped 1 foot down onto the collapsed wooden supports, the dropping of the home caused all of the cold and hot water lines and the septic lines to accidently tear apart, the walls to separate and some of the electrical lines to breach. Sewage back up into the home. Plaintiffs shut off the water values to the home but the pressurized water coming from the town still overflowed into the home between the shut off valves and the broken pipes in the home. Consequently Plaintiffs contacted the town of star valley and directed them to shut off the water feed from the town. The water feed has never been turned back on because the Defendants never reimbursed plaintiffs to repair the structure.

   3. Plaintiff Holli Telford subsequently sent Defendant a signed, sworn proof of loss as required under the "your duties" section of the policy, and phoned the defendants on a

number of occasions to address the losses and what appeared to be increased premiums being charged Plaintiffs, disabled persons, as a result of the losses. To prevent further injury to the property, plaintiff borrowed sufficient funds to have the home manually jacked up on the front end, temporary replacement stilts put in and the balcony reattached (the latter as a front support). However, the home is not level and you walk downhill when walking on the main floor level comprising of 675 square feet.

4. In February of 2014, when Plaintiff acquired additional disability funds, plaintiff repaired the inside water lines but when she had the town turn the water lines back on, a break in the line could still be heard from the underground lines coming up through the basement into the home. Moreover, the town reported a significant usage of water in a period of three days following the plaintiff's order to turn on the town's water supply. Fearing a ground water flood created by the town's pressurized water system, Plaintiff directed the town to leave the water systemt to the home off until Plaintiffs could resolve their insurance disputes and obtain funds to repair the home.

5. In addition, Plaintiff's were unable to repair the septic issues because the septic tank was seemingly installed under the stilted home at the back. The home is on a significant incline. There is no crawl space on the backside of the home where the septic system reportedly lies. In order to repair the septic system, the home would have to be lifted by a crane and taller stilts put in to create a crawl space. The home needs to be lifted by a crane anyway because the manual lifting of the home to replace the collapsed stilts still left the home unlevel.

6. As aforesaid stated, Plaintiff Telford repeatedly complained to the Defendant to provide coverage for the aforesaid losses and to accommodate plaintiffs, disabled persons, by providing plaintiffs at least the "actual costs" to fund the "replacement" repairs to the building; less plaintiffs would be displaced from their dwelling due to a lack of water and septic services. In late February of 2014, the Defendants increased Plaintiff's premiums on the building instead of submitting funds to reimburse plaintiffs for the repairs already made and funds to adequately repair the building to make the dwelling available to Plaintiffs through adequate water and sewage services.

7. In March or April of 2014, the Defendants unilaterally terminated Plaintiff's insurance policy never correcting the repairs to the building. Plaintiff were thus forced to relocate to find competent dwelling services. Terminating Plaintiff's insurance policy and forcing plaintiff out of their dwelling by making it unavailable to plaintiffs constituted a constructive eviction and a retaliatory action by the Defendants in violation of the Fair Housing Act.

WHEREFORE, PLAINTIFFS pray as follows:
1. For all compensatory, general and punitive damages as allowed by law;
2. For all equitable and injunctive relief allowed by law;
3. For Pre and post judgment interest;
4. For trial by jury, and
5. For all attorneys fees and court costs as allowed by law.

Dated: February 14, 2016

_____
Marti Telford

_____
Holli Telford

1

