IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA NELSON, personally and as assignee of claims belonging to the Shanandoah Trust, H. Lundahl Telford personally and as assignee to the claims of Marti Lundahl, and H. LUNDAHL TELFORD, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:16CV368 |
| v. | ) ) | |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, JEFFREY A. DONNELL, GEORGE E. POWERS, LAW OFFICES OF SUNDAHL, POWERS, KAPP & MARTIN, D. CHRISTINSEN, SUSAN AUKEMA, PAMELLA GEE, U.S. Postal Employees, and DOES 1-10, | ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

The Clerk is directed to file the attached email together with the document attached to the email and the documents that were faxed to the Clerk's office. The Clerk does not have the original documents but only emailed and/or faxed copies. With the foregoing in mind,

IT IS ORDERED that the attached documents which are not originals shall be filed as one attachment to this order. The request to seal these documents is denied. The person purporting to be Mr. Christensen should not attempt to file any further pleadings in this case. The Clerk is directed to change both the physical address and the email address as requested by "Dillon Christensen." If the person purporting to be "Dillon Christensen" wishes in the future to advise that he/she has changed an email or physical address, a letter bearing an original pen and ink signature should be sent to the Clerk of the Court. The Clerk of the Court is then directed to provide a copy of the letter to the pro se law clerk.

DATED this 24th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

From:       dillon christensen <dillonchristensen1@gmail.com>
To:         clerk@ned.uscourts.gov
Date:       10/21/2016 09:17 PM
Subject:    please file this sealed declaration in case no. Civ- 8:16-CV-368

There is a pre-filing order. However my declaration provides additional information for the hearing conducted on September 19, 2016 in this case after I has an opportuity to consult with counsel.

This document needs to be filed on under seal because I have suffered damages as a result of



disclosure of my physical whereaboutsSEALED  DECLARATION OF DILLON CHRISTENSEN..ex 1.pdf

# UNITED STATES DISTRICT COURT
## FOR THE STATE OF NEBRASKA, LINCOLN DIVISION

|  |  |  |
|---|---|---|
| H. TELFORD  and STEVE FRITTS personally and as assignee to the claims of Shanandoah Trust | : | |
| | : | **Civil No. 8:16-CV-368** |
| Plaintiffs | : | |
| | : | **TO  BE  FILED  UNDER  SEAL** |
| vs. | : | |
| | | **DECLARATION OF DILLON** |
| MOUNTAIN WEST FARM BUREAU | : | **CHRISTENSEN RESPONDING TO** |
| INSURANCE, et al. | | **THIS  COURT'S REFERRAL TO** |
| | : | **THE  US ATTORNEY'S OFFICE** |
| Defendants | | **ON  OCTOBER  4, 2016** |
| | : | |
| | | **NOTICE  OF  CHANGE  OF** |
| | : | **ADDRESS TO BE KEPT UNDER** |
| | | **SEAL  OF THE COURT** |
| | : | |
| | | **REQUEST TO CHANGE  DILLON** |
| | : | **CHRISTENSEN'S EMAIL ADDRESS** |
| | | **ON FILE WITH THE COURT  GIVEN** |
| | : | **DILLON'S  PRIOR  TWO  EMAIL** |
| | | **ADDRESSES HAVE BEEN HACKED** |
| | : | |

To Be  Filed  Under Seal

## Declaration of Dillon Christensen

I,  Dillon  Christensen, declare under penalty of perjury pursuant to 28 USC section 1746(2) the following:

1.   I have   personal  knowledge  of the  facts set forth herein and do competently declare these facts.

1

2.   I have  consulted with an out  of state attorney free of charge  who has advised me on  the matters contained in this declaration.

3.   I   had  two email addresses which I have used.  This year both email addresses were hacked by changing my security information and password so that I could not get into these email addresses.   I don't know if these addresses are still being used in my name. I reported this hacking conduct to the court clerk that assigns ECF email addresses for electronic notice.  Her name was Kathy, I think.  The clerk  nevertheless reported on the court docket my second "hacked" email address, i.e. dillonchristensen@gmail.com as a means of giving me notice.  I cannot and have not been able to  obtain access to that email address and  I have had to use a consulting attorney's PACER account in order to obtain any records this court electronically produced over PACER.   I am expending funds when I am financially challenged at the present time.   Therefor I request that this court direct the clerk of the court to change my present email address to dillonchristensen1@gmail.com  so that I may receive electronic notice of this court's actions.

4.   I presented a copy of the court's transcript of the hearing date for September 19, 2016  to my consulting attorney.  She indicated that this court appeared to be conducting a criminal contempt hearing for practicing law without a license.

5.   At the beginning of the hearing,   this court vocalized that he believed that the Plaintiffs and myself had engaged in a fraud upon the court,  but when the plaintiff Holli Telford asked the court to identify this fraud, the sitting Judge twice refused to do so.   Plaintiff Holli Telford  subsequently  expressed that it was the defendants who had committed fraud. This court  then expressed  his belief that the plaintiffs were the ones committing fraud although this court could not specifically identify how.  *People v. Sprinkle* (1963), 27 Ill.2d 398, 189 N.E.2d 295; *People v. Heidhorn* (1983), 114 Ill.App.3d 933, 937, 449 N.E.2d 568.

6.   This  court then  reverted back to my IFP application as further evidence fraud. No prior notice was given to me that the court would be examining me on this document, otherwise I would have prepared for any legal discussion surrounding my IFP with experienced counsel.  The  Court asked me the following questions:

(a)   about  my mutual ownership in a farm tractor.   I told the court that I owned

2

40% interest in this tractor.   I told the court that  the tractor was broken down, it  has parts that need to be fixed.   Pg. 48, transcript.   When asked what jobs I had recently performed with the tractor, I reported that I have not been able to do much work with my tractor  because of all of the stuff  going wrong  on it. Pg. 38  transcript.  The court asked me why I didn't report the tractor on my application to waive fees.   I told the court that I didnt know I had too since it was broken down. I have been advised by consulting counsel that if my tractor was not generating income,  then it is questionable as to whether I was required to report this part owned item as an asset on my IFP petition.

(b)    Because this court had suggested that I committed a crime by not reporting the tractor in my IFP application,  I was going to ask the court for appointment of defense counsel  –  but this Court rejected my efforts to do so.   Pg. 51 transcript, line 23.

(c)    This court then continued to  interrogate  me regarding  "more than one piece of real estate I owned."  pgs. 51-52 Transcript.    I would now like to clarify my statements to this court which were effectively 5th amendment claims at the time of the hearing.

(1)    I  do  not  own  more  than one piece of real estate.

(2)    I was counseled by a consulting attorney to list real estate on my IFP application bearing an equity value of $6800  because of a contract for deed for real estate in Nebraska.  I did not yet own that  real estate  and I did not understand what  this court meant when the court asked me if  I a legal or equitable interest in property.  So I answered  "I don't think so."  Pg. 52, line 25 transcript.     Had the court asked me about a contract for deed, I would have said yes.   I even warned the court during the hearing that

> " I  don't know court law.  I don't  know court speak.
>  I  don't know any of this."
>         Pgs.  54-55 Transcript.

(d)    This  Court also asked me about primo equity lenders.  I responded that I could not  recall the debt I had with them.  In fact the debt with Primo Equity lenders was to pay for a trailer to pull my tractor.  There is an error in the monthly amount.  It should be $72/month not $720/ month.

(e)    Finally,  after this court had asked me about my IFP application, this Court

finally allowed me to ask for a public defender as shown by the following quotes:

Pg. 55 Transcript
THE COURT:   Now, you wanted to ask me a question.  Go ahead.
MR. CHRISTENSEN:  Yeah. So since this is like – I mean,  I don't
really exactly know what is all going on here and I don't want to like
get myself into trouble.   I would  like to  get  a -- is there anyway I
could  maybe appointed a defender or something.
THE COURT:  Not at this point. You can certainly hire your own lawyer.
MR. CHRISTENSEN:    So I don't have enough money for my own
lawyer, though.
THE COURT:    I'll tell you what. I'm not going to ask you any more
questions today.

The Court declined my request for a public defender.

7.    During  the  hearing,  I  told  the court  that I lived in a  long roll out 5th Wheel at the
physical address of 505 W.  5th St.  Silver  Creek, NE 68663.  Pg. 6, lines 4-5 of Transcript.  I have a
mortgage on this 5th wheel with CTL - LLP.   After the hearing,  I visited a naturalist  in Colorado for
about 4 days to treat my Lymes Disease.   When I returned back to my 5th wheel,  my 5th wheel had
been broken into through the rear bedroom window,   the wires stripped inside so that I could not roll
out my extended living and dining room, and my kitchen  appliances stolen.   My insurance lapsed 1
month earlier.

8.    I have now moved my 5th wheel to the real property for which I have a contract for deed.
The property is identified as 24321 Himebaugh Ave., Valley NE 68064.   There is no postal box at this
address. Attached hereto as exhibit "1" are the pictures of my recently vandalized unit from each side
on the lot which will be mine as soon as my contract for deed completes.

9.    I  now ask the clerk of this court to note under seal my new address as I think that the
opposing parties vandalized my unit.

I declare that the foregoing is true and correct under penalty of perjury executed this 20st
day of October, 2016,

_____
Dillon  Christensen

Certificate of Service
This documents has been served upon the court under seal to protect my present residence
address.

_____
Dillon  Christensen

1







# UNITED STATES DISTRICT COURT
## FOR THE STATE OF NEBRASKA, LINCOLN DIVISION

| | | |
|---|---|---|
| H. TELFORD  and STEVE FRITTS | : | |
| personally and as assignee to the | | |
| claims of Shanandoah Trust | : | **Civil No. 8:16-CV-368** |
| Plaintiffs | : | |
| | | **TO  BE  FILED  UNDER  SEAL** |
| vs. | : | |
| | | **DECLARATION OF DILLON** |
| MOUNTAIN WEST FARM BUREAU | : | **CHRISTENSEN RESPONDING TO** |
| INSURANCE, et al. | | **THIS  COURT'S REFERRAL TO** |
| | : | **THE  US ATTORNEY'S OFFICE** |
| Defendants | | **ON  OCTOBER 4, 2016** |
| | : | |
| | | **NOTICE  OF  CHANGE  OF** |
| | : | **ADDRESS TO BE KEPT UNDER** |
| | | **SEAL OF THE COURT** |
| | : | |
| | | **REQUEST TO CHANGE  DILLON** |
| | : | **CHRISTENSEN'S EMAIL ADDRESS** |
| | | **ON FILE WITH THE COURT  GIVEN** |
| | : | **DILLON'S  PRIOR  TWO  EMAIL** |
| | | **ADDRESSES HAVE BEEN HACKED** |
| | : | |

To Be  Filed  Under Seal

### Declaration of Dillon Christensen

I, Dillon  Christensen, declare under penalty of perjury pursuant to 28 USC section 1746(2) the following:

1.    I have  personal  knowledge  of  the  facts set forth herein and do competently declare these facts.

2.    I have consulted with an out of state attorney free of charge who has advised me on the matters contained in this declaration.

3.    I had two email addresses which I have used. This year both email addresses were hacked by changing my security information and password so that I could not get into these email addresses.    I don't know if these addresses are still being used in my name. I reported this hacking conduct to the court clerk that assigns ECF email addresses for electronic notice. Her name was Kathy, I think. The clerk nevertheless reported on the court docket my second "hacked" email address, i.e. dillonchristensen@gmail.com as a means of giving me notice. I cannot and have not been able to obtain access to that email address and I have had to use a consulting attorney's PACER account in order to obtain any records this court electronically produced over PACER. I am expending funds when I am financially challenged at the present time. Therefor I request that this court direct the clerk of the court to change my present email address to dillonchristensen1@gmail.com so that I may receive electronic notice of this court's actions.

4.    I presented a copy of the court's transcript of the hearing date for September 19, 2016 to my consulting attorney. She indicated that this court appeared to be conducting a criminal contempt hearing for practicing law without a license.

5.    At the beginning of the hearing, this court vocalized that he believed that the Plaintiffs and myself had engaged in a fraud upon the court, but when the plaintiff Holli Telford asked the court to identify this fraud, the sitting Judge twice refused to do so. Plaintiff Holli Telford subsequently expressed that it was the defendants who had committed fraud. This court then expressed his belief that the plaintiffs were the ones committing fraud although this court could not specifically identify how. *People v. Sprinkle* (1963), 27 Ill.2d 398, 189 N.E.2d 295; *People v. Heidhorn* (1983), 114 Ill.App.3d 933, 937, 449 N.E.2d 568.

6.    This court then reverted back to my IFP application as further evidence fraud. No prior notice was given to me that the court would be examining me on this document, otherwise I would have prepared for any legal discussion surrounding my IFP with experienced counsel. The Court asked me the following questions:

(a)    about my mutual ownership in a farm tractor. I told the court that I owned

2

40% interest in this tractor.    I told the court that the tractor was broken down, its has parts that need to be fixed. Pg. 48, transcript.    When asked what jobs I had recently performed with the tractor, I reported that I have not been able to do much work with my tractor  because of all of the stuff  going wrong  on it. Pg. 38  transcript.  The court asked me why I didn't report the tractor on my application to waive fees.  I told the court that I didnt know I had too since it was broken down. I have been advised by consulting counsel that if my tractor was not generating income, then it is questionable as to whether I was required to report this part owned item as an asset on my IFP petition.

       (b)    Because this court had suggested that I committed a crime by not reporting the tractor in my IFP application,  I was going to ask the court for appointment of defense counsel  –  but this Court rejected my efforts to do so.  Pg. 51 transcript, line 23.

       (c)    This court then continued to interrogate me regarding "more than one piece of real estate I owned." pgs. 51-52 Transcript.    I would now like to clarify my statements to this court which were effectively 5th amendment claims at the time of the hearing.

       (1)    I do not own more than one piece of real estate.

       (2)    I was counseled by a consulting attorney to list real estate on my IFP application bearing an equity value of $6800  because of a contract for deed for real estate in Nebraska. I did not yet own that  real estate  and I did not understand what  this court meant when the court asked me if  I a legal or equitable interest in property. So I answered  "I don't think so." Pg. 52, line 25 transcript.    Had the court asked me about a contract for deed, I would have said yes.  I even warned the court during the hearing that

> " I don't know court law.  I don't  know court speak.
> I don't know any of this."
> Pgs. 54-55 Transcript.

       (d)    This Court also asked me about primo equity lenders.  I responded that I could not  recall the debt I had with them.  In fact the debt with Primo Equity lenders was to pay for a trailer to pull my tractor.  There is an error in the monthly amount.  It should be $72/month not $720/ month.

       (e)    Finally,  after this court had asked me about my IFP application, this Court

finally allowed me to ask for a public defender as shown by the following quotes:

Pg. 55 Transcript

THE COURT: Now, you wanted to ask me a question. Go ahead.
MR. CHRISTENSEN: Yeah. So since this is like – I mean, I don't really exactly know what is all going on here and I don't want to like get myself into trouble. I would like to get a -- is there anyway I could maybe appointed a defender or something.
THE COURT: Not at this point. You can certainly hire your own lawyer.
MR. CHRISTENSEN: So I don't have enough money for my own lawyer, though.
THE COURT: I'll tell you what. I'm not going to ask you any more questions today.

The Court declined my request for a public defender.

7.    During the hearing, I told the court that I lived in a long roll out 5th Wheel at the physical address of 505 W. 5th St. Silver Creek, NE 68663. Pg. 6, lines 4-5 of Transcript. I have a mortgage on this 5th wheel with CTL - LLP.   After the hearing, I visited a naturalist in Colorado for about 4 days to treat my Lymes Disease.   When I returned back to my 5th wheel,  my 5th wheel had been broken into through the rear bedroom window,  the wires stripped inside so that I could not roll out my extended living and dining room, and my kitchen  appliances stolen.  My insurance lapsed 1 month earlier.

8.    I have now moved my 5th wheel to the real property for which I have a contract for deed. The property is identified as 24321 Himebaugh Ave., Valley NE 68064.  There is no postal box at this address.  Attached hereto as exhibit "1" are the pictures of my recently vandalized unit from each side on the lot which will be mine as soon as my contract for deed completes.

9.    I now ask the clerk of this court to note under seal my new address as I think that the opposing parties vandalized my unit.

I declare that the foregoing is true and correct under penalty of perjury executed this 20st day of October, 2016,

_____
Dillon  Christensen

Certificate of Service
This documents has been served upon the court under seal to protect my present residence address.

_____
Dillon  Christensen

02:37:13 p.m. 10-22-2016    5    18014872150

Oct 22 16 12:45p    Amy Johnson Real Estate    8:16-cv-00368-RGK-RRSE    Doc # 59    Filed: 10/24/16    Page 15 of 21    Page ID # 756    18014872150    p.5

1



02:53:56 p.m. 10-22-2016    1    18014872150

Oct 22 16 01:01p    8:16-cv-00368-RGK-RRSE    Doc # 59    Filed: 10/24/16    Page 17 of 21    Page ID # 758
p.1
Amy Johnson Real Estate

# UNITED STATES DISTRICT COURT
## FOR THE STATE OF NEBRASKA, LINCOLN DIVISION

H. TELFORD and STEVE FRITTS       :
personally and as assignee to the
claims of Shanandoah Trust        :        **Civil No. 8:16-CV-368**

    Plaintiffs                :

    vs.                       :        **TO BE FILED UNDER SEAL**

MOUNTAIN WEST FARM BUREAU :        **DECLARATION OF DILLON**
INSURANCE, et al.                          **CHRISTENSEN RESPONDING TO**
                                  :        **THIS COURT'S REFERRAL TO**
    Defendants                          **THE US ATTORNEY'S OFFICE**
                                           **ON OCTOBER 4, 2016**
                                  :
                                           **NOTICE OF CHANGE OF**
                                  :        **ADDRESS TO BE KEPT UNDER**
                                           **SEAL OF THE COURT**
                                  :
                                           **REQUEST TO CHANGE DILLON**
                                  :        **CHRISTENSEN'S EMAIL ADDRESS**
                                           **ON FILE WITH THE COURT GIVEN**
                                  :        **DILLON'S PRIOR TWO EMAIL**
                                           **ADDRESSES HAVE BEEN HACKED**
                                  :

---

To Be Filed Under Seal

### Declaration of Dillon Christensen

I, Dillon Christensen, declare under penalty of perjury pursuant to 28 USC section 1746(2) the following:

1. I have personal knowledge of the facts set forth herein and do competently declare these facts.

2.   I have consulted with an out of state attorney free of charge who has advised me on the matters contained in this declaration.

3.   I had two email addresses which I have used. This year both email addresses were hacked by changing my security information and password so that I could not get into these email addresses.    I don't know if these addresses are still being used in my name. I reported this hacking conduct to the court clerk that assigns ECF email addresses for electronic notice. Her name was Kathy, I think. The clerk nevertheless reported on the court docket my second "hacked" email address, i.e. dillonchristensen@gmail.com as a means of giving me notice. I cannot and have not been able to obtain access to that email address and I have had to use a consulting attorney's PACER account in order to obtain any records this court electronically produced over PACER.   I am expending funds when I am financially challenged at the present time.   Therefor I request that this court direct the clerk of the court to change my present email address to dillonchristensen1@gmail.com so that I may receive electronic notice of this court's actions.

4.   I presented a copy of the court's transcript of the hearing date for September 19, 2016 to my consulting attorney.   She indicated that this court appeared to be conducting a criminal contempt hearing for practicing law without a license.

5.   At the beginning of the hearing,   this court vocalized that he believed that the Plaintiffs and myself had engaged in a fraud upon the court,  but when the plaintiff Holli Telford asked the court to identify this fraud, the sitting Judge twice refused to do so.   Plaintiff Holli Telford  subsequently  expressed that it was the defendants who had committed fraud. This court  then expressed  his belief that the plaintiffs were the ones committing fraud although this court could not specifically identify how.   *People v. Sprinkle* (1963), 27 Ill.2d 398, 189 N.E.2d 295; *People v. Heidhorn* (1983), 114 Ill.App.3d 933, 937, 449 N.E.2d 568.

6.   This court then reverted back to my IFP application as further evidence fraud. No prior notice was given to me that the court would be examining me on this document, otherwise I would have prepared for any legal discussion surrounding my IFP with experienced counsel.   The Court asked me the following questions:

(a)   about my mutual ownership in a farm tractor.  I told the court that I owned

2

40% interest in this tractor. I told the court that the tractor was broken down, its has parts that need to be fixed. Pg. 48, transcript. When asked what jobs I had recently performed with the tractor, I reported that I have not been able to do much work with my tractor because of all of the stuff going wrong on it. Pg. 38 transcript. The court asked me why I didn't report the tractor on my application to waive fees. I told the court that I didnt know I had too since it was broken down. I have been advised by consulting counsel that if my tractor was not generating income, then it is questionable as to whether I was required to report this part owned item as an asset on my IFP petition.

(b) Because this court had suggested that I committed a crime by not reporting the tractor in my IFP application, I was going to ask the court for appointment of defense counsel – but this Court rejected my efforts to do so. Pg. 51 transcript, line 23.

(c) This court then continued to interrogate me regarding "more than one piece of real estate I owned." pgs. 51-52 Transcript. I would now like to clarify my statements to this court which were effectively 5th amendment claims at the time of the hearing.

(1) I do not own more than one piece of real estate.

(2) I was counseled by a consulting attorney to list real estate on my IFP application bearing an equity value of $6800 because of a contract for deed for real estate in Nebraska. I did not yet own that real estate and I did not understand what this court meant when the court asked me if I a legal or equitable interest in property. So I answered "I don't think so." Pg. 52, line 25 transcript. Had the court asked me about a contract for deed, I would have said yes. I even warned the court during the hearing that

> " I don't know court law. I don't know court speak.
> I don't know any of this."
> Pgs. 54-55 Transcript.

(d) This Court also asked me about primo equity lenders. I responded that I could not recall the debt I had with them. In fact the debt with Primo Equity lenders was to pay for a trailer to pull my tractor. There is an error in the monthly amount. It should be $72/month not $720/ month.

(e) Finally, after this court had asked me about my IFP application, this Court

finally allowed me to ask for a public defender as shown by the following quotes:

> Pg. 55 Transcript
> THE COURT: Now, you wanted to ask me a question. Go ahead.
> MR. CHRISTENSEN: Yeah. So since this is like – I mean, I don't
> really exactly know what is all going on here and I don't want to like
> get myself into trouble. I would like to get a -- is there anyway I
> could maybe appointed a defender or something.
> THE COURT: Not at this point. You can certainly hire your own lawyer.
> MR. CHRISTENSEN: So I don't have enough money for my own
> lawyer, though.
> THE COURT: I'll tell you what. I'm not going to ask you any more
> questions today.

The Court declined my request for a public defender.

7.    During the hearing, I told the court that I lived in a long roll out 5th Wheel at the physical address of 505 W. 5th St. Silver Creek, NE 68663. Pg. 6, lines 4-5 of Transcript. I have a mortgage on this 5th wheel with CTL - LLP. After the hearing, I visited a naturalist in Colorado for about 4 days to treat my Lymes Disease. When I returned back to my 5th wheel, my 5th wheel had been broken into through the rear bedroom window, the wires stripped inside so that I could not roll out my extended living and dining room, and my kitchen appliances stolen. My insurance lapsed 1 month earlier.

8.    I have now moved my 5th wheel to the real property for which I have a contract for deed. The property is identified as 24321 Himebaugh Ave., Valley NE 68064. There is no postal box at this address. Attached hereto as exhibit "1" are the pictures of my recently vandalized unit from each side on the lot which will be mine as soon as my contract for deed completes.

9.    I now ask the clerk of this court to note under seal my new address as I think that the opposing parties vandalized my unit.

I declare that the foregoing is true and correct under penalty of perjury executed this 20st day of October, 2016,

_____
Dillon Christensen

Certificate of Service
This documents has been served upon the court under seal to protect my present residence address.

_____
Dillon Christensen

02:53:56 p.m. 10-22-2016    5    18014872150

Oct 22 16 01:01p    Amy Johnson Real Estate    8:16-cv-00368-RGK-RRSE    Doc # 59    Filed: 10/24/16    Page 21 of 21    Page ID # 762    18014872150    p.5

1